W. F. LEWIS, Ex'r. of K. H. LEWIS, *vs.* G. W. JOHNSTON, Adm'r. of JAS. S. CLARK.

Where the plea of "fully administered" is found for the defendant and a judgment *quando* rendered for the plaintiff, the defendant is entitled to judgment against the plaintiff for his costs.

[ *Welborn* v. *Gordon*, 1 Mur. 502.   *Battle* v. *Rorke*, 1 Dev. 228, and *Terry* v. *Vest*, 11 Ire. 65, cited and approved.]

DEBT, brought in 1867 to the Superior Court of PITT and tried at Fall Term, 1871, before *Moore, J.*

The defendant's pleas were *general issue* and *fully admin-istered.* The plaintiff admitted the latter plea and the former was found in his favor.

His Honor thereupon rendered a judgment *quando* against the defendant as administrator, and a judgment for plaintiff's costs against him *de bonis propriis,* and the defendant appealed.

No counsel for the plaintiff.
*Johnston & Nelson* and *Smith & Strong* for the defendant.

BOYDEN, J.   The question attempted to be raised in this case is not an open question.

The decisions and the practice have been uniform ever since the case of *Welborn* v. *Gordon*, 1 *Murphy*, 502, decided A. D. 1800, where it is said that, whenever an administrator established the plea fully administered, he is entitled to judgment and execution for his costs against the plaintiff individually.

Again, in the case of *Battle* v. *Rorke* 1 *Dev* 228, decided in 1827, the question was fully considered and the same decision made. In that case the pleas were *non assumpsit*, payment, and set off, *plene administravit*.

And in that case Chief Justice Taylor says: " The case depends upon the construction of the act of 1777, concerning costs, and the principles of pleading as applicable to the particular defence relied upon by the administrator. The act provides that in all cases whatsoever, the party in whose favor judgment shall be given shall be entitled to full costs, unless where it is, or may be, otherwise directed by statute. Was judgment given in favor of the defendant in the original action ? No rule of pleading is better settled, at common law, than if the plaintiff joins issue upon the plea of *plene administravit*, and it is found against him, the judgment is that he takes nothing by his bill. And it is only where he confesses the plea to be true that the plaintiff is entitled to judgment *quando*." The same doctrine is announced by Chief Justice Ruffin, in the case of *Terry* v. *Vest, admr.* 11 *Ire.* 65, and the practice in this particular has been uniform for more than half a century.

There is error. Judgment reversed and judgment here that the defendant recover his costs in the Court below, and in this Court.

PER CURIAM,                          Judgment reversed.