W. F. LEWIS, Ex'r of K. H. LEWIS v. G. W. JOHNSTON, Adm'r of JAS. L. CLARK.

A defendant who is an administrator, is entitled to costs in an action wherein the plea of "fully administered" has been found for him, and a judgment *quando* rendered. See 67 N. C. Rep. 38.

(The cases of *Wellborn* v. *Gordon*, 1 Mur. 502; *Battle* v. *Rourke*, 1 Dev. 228; *Leigh* v. *Lockwood*, 4 Dev. 577; *King* v. *Howard*, 4 Dev. 581; *Griffith* v. *Byrd*, 2 Ired. 72; *Terry* v. *Vest*, 11 Ired. 65, cited, commented on and distinguished from this.)

PETITION filed by plaintiff at January Term, 1873, to rehear a judgment rendered in this Court at the June Term previous. Case reported in 67 N. C. Rep., page 38.

The plaintiff stating the facts as they are reported in the case at June Term, 1872, and in the opinion now delivered, prays that the Court will correct the error, by which the defendant recovered costs against the plaintiff.

*Battle & Son*, for petitioner, submitted:

The question is whether if an executor or administrator plead to an action against him the general issue and fully administered, and the plaintiff confesses the latter and joins issue only on the former, and upon the trial of which he obtains a verdict and judgment, he ought to pay the whole costs of the suit. We contend that he ought not, and rely upon the following authorities as directly in point in our favor. *Hinsley* v. *Russell*, 12 East 232; 2 Williams on Ex'rs 1,691; *McDowell* v. *Asburg*, 66 N. C. Rep. 446. This case was decided at June Term, 1872, (67 N. C. Rep. 38,) upon the supposition that the case was tried in the Court below upon both the issues of the general issue and *plene administravit*, whereas the record proper shows that it was tried only upon the general issue, the other having been admitted as soon as it was put in. All the cases cited, *Well-*

*born* v. *Gordon*, 1 Mur. 502; *Battle* v. *Rourke*, 1 Dev. 228, and *Terry* v. *Vest*, 11 Ired. 65, were cases in which the trial was upon the plea of *plene administravit*, as well as upon the other pleas.

*Smith & Strong*, contra.

RODMAN, J. This is a petition to rehear a judgment of this Court at June Term, 1872, (67 N. C. 38.) The question now presented is this: An action is brought against an administrator upon a note of his intestate. The administrator pleads *non est factum* and fully administered. The plaintiff at the term at which the pleas are made admits the plea of fully administered, and at the same term the issue on the plea of *non est factum* is submitted to a jury and found for the plaintiff, who thereupon takes a judgment *quando*. Does the plaintiff recover the costs of the action against the administrator, or does the administrator recover them against the plaintiff?

It will be seen that the question now presented is substantially different from that which was decided when the case was last before us. Then it appeared that the plaintiff took issue on both the pleas. Now it appears that he admitted the plea of fully administered at the same term at which it was pleaded, and that the trial of the issue on the making of the note took place at the same term. The counsel for the plaintiff contends that the difference is material, and that as the case is presented on the present record, he ought to recover costs.

We may concede that by the English law, at least as it stood in 1829, the plaintiff would recover costs in a case like this. The authorities for this are 2 Williams Exec'rs 1,793, and the decision of the Court of K. B. in *Marshall* v. *Wilder*, 9 B. & C. 655 (17 E. C. L. R.)

Strange as it may seem, there is not an authority in this

State bearing with any directness on the question. We have examined all that might be supposed to do so. The first is *Wellborn* v. *Gordon*, 1 Mur. 502, (1810.) In that case the admistrator pleaded *non assumpsit* and fully administered, and the plaintiff took issue on *both* pleas. On the trial the first issue was found for the plaintiff, and the second for the defendant, who was held entitled to recover costs. It will be seen that this case is not in point, as the plaintiff, instead of admitting the plea of fully administered, took issue and went to trial upon it, when it was found against him. The decision is in conformity to the English law in a like case as stated in the case of *Marshall* v. *Wilder*, ante, and in *Edwards* v. *Bethel*, 1 B. & A. 234, and fully sustains the decision in 67 N. C. Rep. upon the record then presented.

In *Battle* v. *Rourke*, 1 Dev. 228 (1827), the defendant pleaded pleas denying the debt and also fully administered, upon all of which the plaintiff took issue, and the jury found the first pleas for the plaintiff and the last for the defendant. Thereupon the plaintiff took judgment *quando*. This case is but a repetition of *Wellborn* v. *Gordon*, and therefore not in point. In *Leigh* v. *Lockwood*, 4 Dev. 577, the question was whether an administrator against whom a judgment had been recovered for selling corn of the plaintiff, which he believed to be the property of his intestate, was entitled upon a settlement of his administration account, to be allowed for the costs paid by him under the judgment in that action. Obviously that case has no bearing on the present.

In *King* v. *Howard*, 4 Dev. 581 (1834), the admistrator had pleaded performance, fully administered, former judgments and no assets *ultra*, all of which were found against him. He was held liable for the costs *de bonis propriis*. This case has no bearing.

*Griffith* v. *Byrd*, 2 Ired. 72, was a petition for a distributive share in the nature of a suit in equity, and has no bearing.

*Terry* v. *Vest*, 11 Ired. 65, relates entirely to a case where an administrator establishes his plea of fully administered before a jury, and hence is not in point.

The first and only authority we have found bearing on the question before us is the *dictum* of DICK, J., in delivering the opinion of the Court in *McDowell* v. *Ashbury*, 66 N. C. Rep.. 456, which is certainly an authority that the law had once been as the defendants contend it now is, but it was not necessary for the decision of the case, which is that C. C. P. abolishes the writ of *scire facias* only as original process, and that it, or something equivalent to it, may still be used as mesne process.

But notwithstanding the English authorities, and the entire want of reported decisions in this State, bearing directly on the precise question, it must be admitted that for many years past the practice has been in cases similar to the one before us, to give the administrator his costs. It was probably an inference from the decisions cited, and is not opposed by any of them. In the absence of any opposing decision, we consider ourselves bound by this long, general and well known practice which seems not unreasonable or unjust. It is a maxim, " *optimus interpres usus.*

For this reason we think the former decision in this case right, notwithstanding the change in the facts, which we consider an immaterial one.

We are the less disposed to depart from what may be called a settled practice as far as any can be, not resting on reported decisions, because since this action was begun the Code of Procedure has gone into effect, which somewhat changes the former practice. C. C. P. sec. 287, gives to a Court before which an action against an executor is tried, power to impose costs on him personally, only for mismanagement or bad faith.

PER CURIAM.                    Rehearing denied.